UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| **TIFFANY JACKSON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CAUSE NO:** 1:22-cv-31 |
| | ) | |
| **IOM HEALTH SYSTEM, L.P.,** | ) | |
| **d/b/a LUTHERAN HOSPITAL** | ) | |
| **OF INDIANA** | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. Plaintiff, Tiffany Jackson ("Jackson" or "Plaintiff"), by counsel, brings this action against Defendant, IOM Health System, L.P., d/b/a Lutheran Hospital of Indiana ("Defendant" or "Lutheran"), alleging violations of the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. §12101 *et. seq.*

### II. PARTIES

2. Jackson is a resident of Huntington County in the State of Indiana, who at all times relevant to this litigation resided within the geographical boundaries of the Northern District of Indiana.

3. Defendant is a Domestic Limited Partnership that maintains offices and conducts business in the Northern District of Indiana.

1

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; and 42 U.S.C. §12117.

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §12111(5)(A).

6. At all times relevant to this action, Jackson was an "employee" as that term is defined by 42 U.S.C. §12111(4).

7. Jackson is a "qualified individual with a disability" as defined by the Americans with Disabilities Act, 42 U.S.C. §§12102(2) and 12111(8) and/or Defendant knew of Jackson's disability and/or regarded Jackson as being disabled and/or Jackson had a record of being disabled.

8. Jackson exhausted her administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission alleging discrimination based on her disability. Jackson files this complaint within ninety (90) days of receipt of her Notice of Right to Sue.

9. A substantial part of the events, transactions, and occurrences concerning this lawsuit arose in the geographical environs of the Northern District of Indiana; therefore, venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS

10. Jackson was hired by Defendant in or about October 2000 as a Patient Care Associate. She left in 2007 for a teaching position and returned October 2010 as a Registered Nurse.

2

11. At all relevant times, Jackson met or exceeded legitimate performance expectations. All of her performance reviews over her more than seventeen (17) years of employment were positive and she had never received any disciplinary action.

12. Jackson was involved in a serious car accident in 2012. As a result of that accident, she suffers from significant neurological issues as well as anxiety and depression. Jackson's impairments substantially limit her in one or more major life activities. Defendant is and has been aware of her disability at all relevant times.

13. In or about June 2020, Jackson moved from working in the Coronary Intensive Care Unit to a position in Network Education, where she began reporting to Shannon Scheumann, Director of Education. Scheumann made multiple negative comments about Jackson's disability, noting that she could "not figure [Jackson] out," that Jackson was too passionate, and that it was "hard to interpret" Jackson's actions.

14. In or about September 2020, Jackson took a two week leave of absence related to her disability.

15. Jackson recognized that working with Scheumann triggered her disability and, as an accommodation, Jackson requested and was granted a transfer to the Cardiovascular Intensive Care Unit ("CV-IC") on or about March 31, 2021. Jackson reported to the CV-IC unit on April 13, 2021. On that date, Jackson discovered she was still receiving contacts and sensitive information related to her previous position, which she promptly deleted.

16. On April 23, 2021, Defendant terminated her employment for deleting the aforementioned files—which were quickly recovered. Defendant's purported reason for terminating Jackson's employment is pretext for discrimination based on her disability.

3

17. Similarly situated non-disabled individuals have not been terminated for deleting files to protect confidential information.

## V. CAUSES OF ACTION

### ADA DISCRIMINATION

18. Jackson hereby incorporates by reference paragraphs one (1) through seventeen (17) as if the same were set forth at length herein.

19. Defendant discriminated against Jackson in violation of the Americans with Disabilities Act, 42 U.S.C. 12101, *et. seq* based on her actual or perceived disability under the ADA.

20. Defendant's actions were intentional, willful and in reckless disregard of Jackson's rights as protected by the ADA.

21. Jackson has suffered damages because of Defendant's actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Tiffany Jackson, by counsel, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1. Reinstate Jackson's employment to the position and salary she would have enjoyed but for Defendant's unlawful actions; and/or payment to Jackson of front pay in lieu thereof;

2. Order that the Plaintiff be awarded any back pay she would have earned, including fringe benefits, with related monetary benefits and interest thereon, absent Defendant's unlawful acts;

3. Award the Plaintiff compensatory and consequential damages in an amount sufficient to compensate Plaintiff for the damages caused by the Defendant's violation of the ADA;

4. Award the Plaintiff punitive damages caused by the Defendant's violation of the ADA;

5. Award the Plaintiff her costs and attorney's fees incurred as a result of bringing this action;

6. Award the Plaintiff pre- and post-judgement interest on all sums recoverable; and

7. Grant all other legal and/or equitable relief as may be just and proper.

Respectfully submitted,

/s Diana Kozlova
Diana Kozlova, Attorney No. 36668-02
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone:  (317) 991-4765
Facsimile:   (812) 424-1005
Email:  dkozlova@bdlegal.com

*Attorneys for Plaintiff, Tiffany Jackson*

## DEMAND FOR JURY TRIAL

The Plaintiff, Tiffany Jackson, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

/s Diana Kozlova_____
Diana Kozlova, Attorney No. 36668-02
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone:   (317) 991-4765
Facsimile:    (812) 424-1005
Email: dkozlova@bdlegal.com

*Attorney for Plaintiff, Tiffany Jackson*